**DAYTON (City), Plaintiff-Appellee, v. MILLER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2062.   Decided April 15, 1950.

Maurice A. Russell, City Prosecutor, Joseph P. Duffy, Asst. City Atty., Dayton, for plaintiff-appellee, The City of Dayton, Ohio.

A. K. Meck, Dayton, for defendant-appellant, James Oliver Miller.

## OPINION

By HORNBECK, J:

This is an appeal from a judgment of the Common Pleas Court affirming the conviction and sentence of appellant on a charge of assault and battery.

In the Common Pleas Court, and here, the same errors are urged, eleven in number.   In the oral presentation in this Court and in appellant's brief, most emphasis was, and is, placed on the lack of power of the City of Dayton to enact the ordinance upon which the charge against the defendant was predicated.

It is the claim of the appellant that the offense defined in the ordinance is not properly included in the term "other similar regulations" as employed in **Sec. 3, Art. XVIII, Ohio Constitution,** but is an offense against the State, that "the crime of assault and battery is a crime against the person and not against the peace and quiet of the city."

Appellant cites City of Wellsville v. O'Connor, 14 O. C. D.

689, which held an ordinance of the City defining the offense of assault and battery to be void because the city was without authorization from any applicable statute to enact the ordinance as it was not restricted to public breaches of the peace. We express no opinion as to the soundness of this decision but observe that the authority of the City in the cited case was defined and limited by statute, and now it is enlarged and controlled by our Constitution, although applicable statutes are still to be found in the Code.

We are of opinion that the ordinance under consideration is valid upon the authority of at least four cases of our state court of last resort, **Greenburg v. The City of Cleveland, Stein v. The City of Cleveland, 98 Oh St 283; The Village of Struthers v. Sokol, The City of Youngstown v. Sandela, 108 Oh St 263.**

In the Greenberg and Stein case, the ordinance under consideration defined an offense of attempted larceny in a manner otherwise than by force and violence or putting in fear. It was the contention of the appellants that the city had no authority to pass the ordinance; that the prohibition of crimes and offenses was within the police power, which power could be exercised only by the State. The Court held that the limitation upon the municipality to enact the ordinance was that it must conform to, i. e., not be in conflict with, the general laws of the state and that the ordinance was valid. Although the opinion is primarily grounded upon the constitutional power of the city to legislate as the ordinance provided, Judge Donahue devotes some attention to the statutory delegation of power. At page 284 of the opinion the author quotes §3658 GC, which is somewhat like R. S. 2108, involved in Wellsville v. O'Connor, supra. In §3658 GC, one of the police powers delegated is "to preserve peace and good order." In R. S. 2108 "to provide for punishment of persons disturbing the good order and quiet of the corporation by" designated means "or otherwise violating the public peace by indecent and disorderly conduct * * * ." Continuing, "This would seem to be sufficient authority to authorize the municipality to enact the ordinance under which these prosecutions were had." He then says that it is claimed that the offense prohibited is not an offense against property but against the person and that §3658 GC relates solely to the **public peace** (emphasis ours), and that the power conferred by §3658 GC is limited by the provisions of §3664 GC which designates the specific offenses that may be the subject of municipal control. At page 285, Judge Donahue cites **Wightman v. State, 10 Ohio 452,** and **Koch v. State, 53 Oh St 433** for the proposition that a municipal cor-

poration may provide for the punishment of an act which is also a misdemeanor under the state law. The opinion casts some doubt on the soundness of the judgment in Wellsville v. O'Connor.

All of the syllabus in the Struthers and Sandela cases fortifies the conclusion that the ordinance here is constitutional. We will not quote it.

The other assignments of error are argued in the briefs. They were considered separately in the opinion of Judge Cecil which is submitted along with the briefs of both parties. As we are in accord with Judge Cecil's opinion and the reasons supporting his conclusion that there was no prejudicial error to the cause of the defendant in the trial of the cause in any of the particulars asserted, it would serve no good purpose to prolong this opinion.

The judgment will be affirmed, and cause remanded.

MILLER, PJ, and WISEMAN, J, concur.